IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
EASTERN DIVISION

VIVEK SHAH,
    Plaintiff,

v.                                        Civil Action No._____

Carl Zeiss SBE, LLC.,
    Defendant.

## VERIFIED COMPLAINT

## FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

### *JURY DEMANDED*

## NATURE OF THE ACTION

1.  This is an action for tortious interference with contract under New York law to (1) prevent Carl Zeiss SBE, LLC ("Zeiss") from continuing its unlawful conduct against Plaintiff and others, and (2) to redress the harm Plaintiff has suffered as a direct result of Zeiss's conduct.

2.  Plaintiff is an Amazon. Inc., https://amazon.com, ("Amazon") seller. He purchases and resells a wide range of products from laptops to binoculars on his Amazon account.

3.  Defendant fraudulently filed a complaint with Amazon asserting that Plaintiff was using its trademark without its permission and that the products that Plaintiff was selling were counterfeit.

4.  Plaintiff brings this action to address Zeiss's unlawful conduct and to redress the harm he has suffered and will continue to suffer as a direct result of that conduct, absent relief.

5.  Plaintiff seeks injunctive, monetary, and declaratory relief against Defendant for engaging in this unlawful practice.

1

## PARTIES

6. Plaintiff Vivek Shah is a US citizen and a resident of Illinois. His principal place of residence is 236 Woburn Ln, Schaumburg, IL 60173.

7. Defendant Carl Zeiss SBE, LLC is a Limited Liability Company, registered with the New York Secretary of State. Its principal place of business is 1 N Broadway # 401, White Plains, NY 10601.

8. In acting or omitting to act as alleged herein, Defendant was acting through its employees and/or agents and is liable on the basis of the acts and omissions of its employees and/or agents.

9. In acting or omitting to act as alleged herein, each employee, officer or agent of Defendant was acting in the course and scope of his or her actual or apparent authority pursuant to such agencies, or the alleged acts or omissions of each employee or officer as agent were subsequently ratified and adopted by Zeiss as principal.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this matter under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.

11. This Court has authority to grant declaratory and injunctive relief under 28 U.S.C. §§ 2201 & 2202, and Rule 57 of the Fed. Rules of Civ. P.

12. Venue is proper in this district under 28 U.S.C. § 1391(b) because Zeiss is incorporated in this district and has its principal place of business in this district as well. A substantial part of the events and omissions giving rise to the claims occurred in this district.

## FACTUAL BACKGROUND

13. Plaintiff has been an Amazon seller since 2020. He sells a wide variety of products. At the time of becoming approved to sell on Amazon, Plaintiff entered into a contract with Amazon for services. The contract, terms, policies and other agreements that the parties entered into amount to hundreds of pages. Part of the contract states: "Products offered for sale on Amazon must be authentic. The sale of counterfeit products is strictly prohibited. Failure to abide by this policy may result in loss of selling privileges, funds being withheld, and disposal of inventory in our possession." *See* Exhibit A.

14. In or around October 2022, Plaintiff purchased and listed for sale on Amazon, one unit of "Zeiss Carl Optical 20x60 Image Stabilization Binocular" with a listing price of $9,999.99

15. In or around March 2023, he purchased and listed for sale on Amazon, one unit of "ZEISS 10x42 Victory Rangefinder Binocular" with a listing price of $3,699.99.

16. Having purchased the two units, Plaintiff had the right to resell the items under both the First Sale Doctrine and 17 U.S.C. § 109.

17. On or around April 6, 2023, Plaintiff received two notifications from Amazon that Defendant had filed two complaints claiming that it was the rights owner to Trademark Registration Number 1942223, and that according to the Defendant, Plaintiff was selling counterfeit products.

18. Zeiss filed the two complaints based on sheer speculation that the products were counterfeit. The products were in fact authentic. Through a series of messages exchanged with Zeiss, Plaintiff learned that Zeiss automatically considers all products counterfeit until proven

otherwise. Zeiss required Plaintiff to show an agreement between itself and Plaintiff to resell its alleged products.

19.     This has a chilling effect on people that attempt to resell authentic products under the first sale doctrine that are far attenuated from the chain of ownership that flows from the manufacturer/trademark owner. For example, a Sony television purchased in the 1980s could no longer be sold on eBay or Craigslist because the seller could not prove chain of ownership. Zeiss actually takes this several notches further: it claims that only those sellers with whom they have an agreement with are allowed to resell their products. This requirement violates clearly established law.

20.     Moreover, according to the United States Patent and Trademark Office, Trademark # 1942223 belongs to "CARL ZEISS AG CORPORATION FED REP GERMANY Carl-Zeiss-Strasse 22Oberkochen FED REP GERMANY 73447." *See* Exhibit B. Defendant has not been able to show to Plaintiff that the trademark's legal owner – a German company, presumably its parent corporation – has assigned rights to Defendant or otherwise has a licensing agreement that allows the enforcement of the rights it purportedly claims it has.

21.     Upon information and belief, Defendant has sent hundreds of similar fraudulent trademark and counterfeit complaints to companies other than Amazon, such as eBay, Inc., Google, Inc., and Target, Inc.

22.     Amazon, without conducting any type of testing of the two units, deleted the products from Plaintiff's inventory and prohibited him from reselling them. Amazon has placed Plaintiff's selling account at risk of deactivation, which jeopardizes all of Plaintiff's future sales on Amazon.

4

23.     As a result of Zeiss's actions described above, Plaintiff has been directly and substantially injured.

24.     Zeiss's acts and omissions have substantially impacted Plaintiff's livelihood. Plaintiff suffers from extreme anxiety, stress and is worried about his diminished finances.

25.     Zeiss's unlawful actions described herein have been intentional, willful, wanton, outrageous, fraudulent, grossly negligent, malicious, and have been, and are, implemented with callous and reckless disregard for rights protected under law.

## CAUSES OF ACTION

## COUNT I – Tortious Interference with Contract

26.     Plaintiff repeats and incorporates by reference all allegations set forth in the preceding paragraphs.

27.     Plaintiff and Amazon had a valid contract whereby Amazon allowed Plaintiff to resell his products.

28.     Defendant knew that Plaintiff and Amazon had a valid contract.

29.     Defendant intentionally procured Amazon's breach of the contract without justification.

30.     As a direct and proximate result of the breach of contract, Plaintiff suffered damages.

31.     Plaintiff seeks monetary damages, including compensatory and punitive, as well as declaratory and injunctive relief.

## DEMAND FOR JURY TRIAL

32. Under Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues triable as of right.

## REQUESTED RELIEF

33. Plaintiff respectfully asks that the Court grant him the following relief:

   a. Enter a declaratory judgment finding that:

      i. Defendant's conduct violates the first sale doctrine;

      ii. Defendant does not have the right to enforce another company's trademark;

      iii. Defendant tortiously interfered with the contract between Plaintiff and Amazon;

      iv. Defendant's complaint to Amazon was baseless and fraudulent.

   b. Enter a permanent injunction:

      i. Enjoining Defendant and its employees, agents, officers, and directors from engaging in the unlawful conduct described herein;

      ii. Directing Defendant and its employees, agents, officers, and directors to allow the resale of the trademarked products;

      iii. Directing Zeiss and its employees, agents, officers, and directors to take all affirmative steps necessary to remedy the effects of the unlawful conduct described herein and to prevent additional instances of such conduct or similar conduct from occurring in the future;

c. Award compensatory damages to Plaintiff, in an amount to be determined by the jury that would fully compensate Plaintiff for injuries caused by the conduct of Zeiss alleged herein;

d. Award punitive damages to Plaintiff, in an amount to be determined by the jury that would punish Zeiss for its willful, wanton, outrageous, malicious, grossly negligent, fraudulent and reckless conduct alleged herein and that would effectively deter similar conduct in the future;

e. Award Plaintiff his reasonable attorneys' fees and costs;

f. Award prejudgment interest to Plaintiff; and

g. Order such other relief as this Court deems just and equitable.

Dated: April 20, 2023

Respectfully submitted,

/s/ Vivek Shah

Vivek Shah
236 Woburn Ln
Schaumburg, Il 60173
(224)246-2874
newvivekshah@gmail.com

**VERIFICATION OF COMPLAINT**

I, Vivek Shah, hereby declare under penalty of perjury that the foregoing facts contained in this Complaint are true and correct to the best of my knowledge.

Executed on April 20, 2023

/s/ Vivek Shah
VIVEK SHAH